UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SAMUEL GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No.:  2:18-cv-61 |
| | § | |
| RAUCH-MILLIKEN INTERNATIONAL, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff SAMUEL GARCIA (hereinafter "Plaintiff") files this Complaint against Defendant RAUCH-MILLIKEN INTERNATIONAL, INC. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), and in support thereof, states as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

2. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The TCPA, on the other hand, was designed to prevent calls like the ones described within

this Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

> *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6. Plaintiff SAMUEL GARCIA, by Plaintiff's attorneys, brings this Complaint to challenge the illegal actions of Defendant RAUCH-MILLIKEN INTERNATIONAL, INC. with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff and in negligently, willfully and knowingly contacting Plaintiff on Plaintiff's cellular telephone without Plaintiff's prior express consent, thereby invading Plaintiff's privacy.

7.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

8.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9.  Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of Texas.

10. Any violations by Defendant were knowing, willful, and intentional, and Plaintiff alleges that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of the FDCPA and the TCPA, both of which are federal consumer protection laws.

13. Specifically, this action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; and, (ii) the Telephone Consumer Protection Statute, 47 U.S.C. §§ 227, *et seq*.

14. Because Defendant conducts business within the State of Texas, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Dimmit, State of Texas which is within this Judicial District; (ii) the conduct complained of herein occurred within this Judicial District; and, (iii) Defendant conducted business within this Judicial District at all times relevant.

## PARTIES

16. Plaintiff is a natural person who resides in the County of Dimmit, State of Texas, from whom Defendant sought to collect someone else's consumer debt.

17. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a Foreign For-Profit Corporation doing business in the state of Texas.

19. Process may be served on Defendant's registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

21. This action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

## THE FDCPA VIOLATIONS

22. At all times relevant, Plaintiff was an individual residing within the State of Texas in the County of Dimmit.

23. Sometime in and around November 2017, Plaintiff began receiving calls from Defendant with regard to a debt allegedly owed by Javier's Tree Service.

24. Plaintiff informed Defendant that the debt for which they were calling did not belong to him, he was in no way affiliated with Javier's Tree Service, and that they had the wrong number.

25. Despite Plaintiff's explanation to Defendant that the debt for which they were calling did not have anything to do with him, was not his debt, and that they had the wrong number, Plaintiff continued to receive calls from Defendant.

26. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the

natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the debt.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Javier's Tree Service alleged debt.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt that did not and does not belong to Plaintiff.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt that did not and does not belong to Plaintiff.

30. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered actual damages.

## THE TCPA VIOLATIONS

31. Upon information and belief, Defendant made these calls to Plaintiff using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) because Plaintiff heard a long pause when answering the phone before a voice came on the line and oftentimes Defendant would not leave Plaintiff a voice message. This is indicative of an ATDS.

32. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. At all material times hereto, Defendant did not have a "prior express consent" to place autodialed calls to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

34. Plaintiff never gave Defendant any consent to receive calls on his cellular phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

35. Further, had Plaintiff previously given any prior express consent, which Plaintiff denies completely, any such alleged consent was effectively revoked.

36. Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. §

227(b)(1)(A).

37. Defendant's calls were placed to a cellular telephone number assigned to a cellular phone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. Through the unwanted calls from Defendant, Plaintiff suffered an invasion of his legally protected interest in privacy, which is specifically protected by the TCPA.

39. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted call using an ATDS.

40. Defendant's calls forced Plaintiff to live without the utility of his cellular phone by forcing Plaintiff to silence his cellular phones and/or block incoming numbers and by occupying their cell phones with one or more unwanted calls, causing a nuisance and lost time.

41. Plaintiff is informed and believes and here upon alleges, that the unwanted calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, and control, and for Defendant's benefit.

42. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1).

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692, Et Seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful

violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. §§ 227, ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

48. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3)(B).

49. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. §§ 227, ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FDCPA

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;

- Any and all other relief that this Court deems just and proper.

### SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE TCPA

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

- Any and all other relief that this Court deems just and proper.

### THIRD CAUSE OF ACTION

### KNOWING/WILLFUL VIOLATION OF THE TCPA

- As a result of Defendant's knowing and/or willful violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

- Any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America,

Plaintiff is entitled to, and demands, a trial by jury.


Dated: September 13, 2018

**HYDE & SWIGART**

By: /s/ Ramona Ladwig
Ramona V. Ladwig, Esq.
**HYDE & SWIGART**
Bar No. 24092659
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Office: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com
*Attorneys for Plaintiff*


Additional Plaintiff's Counsel

Anthony P. Chester, Esq.
**HYDE & SWIGART**
Bar No. 24092253
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Office: (214) 880-6362
Fax: (800) 635-6425
tony@westcoastlitigation.com


Abbas Kazerounian, Esq.
**KAZEROUNI LAW GROUP, APC**
Bar No. 24090982
Kazerouni Law Group
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Office: (800) 400-6808
Fax: (800) 520-5523
ak@kazlg.com


**COMPLAINT AND DEMAND FOR JURY TRIAL**                **PAGE 9 OF 9**